# LaRocca Hornik Rosen & Greenberg LLP

### COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

LHRGB.COM

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732.409.1144
732.409.0350 fax

Private Lender Group
212.536.3529
732.625.2463 fax

Frank J. LaRocca ✦◊
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg ▵
Amy D. Carlin ▵
Patrick McPartland ▵
David N. Kittredge ▵
Jared E. Blumetti
Faisal R. Lateef ▵
Sanford Hausler ▵
Bryan A. Christenson
Jason W. Moussourakis ▵
Stan Sharovskiy ▵
Peter Kelegian ▵
Drew Tanner ‡
Lauren Weissman-Falk
Andrew Selevan
Nelson Diaz
Dorothy Brown Duncan

▵ New York Bar Only
‡ New Jersey Bar Only
◊ Of Counsel Attorneys
o Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

August 11, 2021

**VIA ECF & E-MAIL**
Honorable John P. Cronan
United State District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

> Plaintiff shall file a response to Defendant's letter motion, see Dkt. 59, by August 17, 2021.
>
> SO ORDERED.
> Date: August 13, 2021
> New York, New York
>
> JOHN P. CRONAN
> United States District Judge

Re:   Michelle Adams v. Equinox Holdings, Inc. et al.
      Docket No. 1:19-cv-08461 (JPC)

Dear Judge Cronan:

We represent defendants Equinox Holdings, Inc., Joseph Matarazzo, Matthew Herbert, and Wil Diaz (collectively, "Equinox") in the above-captioned action and are writing, in accordance with Section 5(C) of Your Honor's Individual Rules, to respectfully request that the Court grant Equinox an additional 4 hours to depose plaintiff in this employment discrimination lawsuit (i.e., in addition to the 7 hours provided under Rule 30(d)(1) of the Federal Rules of Civil Procedure).

On August 9, 2021, plaintiff was deposed for approximately 5.5 hours in person at our office. As the allegations in her lawsuit stretch back several years to 2010, there was a significant amount of material to cover at her deposition. Indeed, the lawsuit involves nearly 5,000 pages of e-mails and other documents covering this 11-year period. In addition, plaintiff repeatedly gave extremely lengthy answers to the questions posed to her at the deposition, which required significant follow-up questioning. She furthermore took numerous breaks, so, while there was only 5.5 hours of questioning, the deposition stretched from approximately 10:00 a.m. to 5:30 p.m., at which time the parties broke from the deposition.

Notably, Equinox agreed to proceed with plaintiff's deposition on the condition that she return for a second day of questioning, as Equinox still has not received all of plaintiff's health care records from the providers that she only recently disclosed.[1] ECF Doc Nos. 55, 57. As such,

---

[1] We have also repeatedly accommodated plaintiff and her counsel with, among other things, a number of extensions of the fact discovery deadline for personal reasons. ECF Doc. Nos. 47, 50, 53.

plaintiff had already agreed to appear for a second day of her deposition. The parties agreed on the record that the deposition would be continued on August 11th.

Nevertheless, plaintiff's counsel subsequently wrote to me and said that she and plaintiff would not be willing to appear again in person (because of COVID concerns) and, in either event, would only be willing to continue with 1.5 hours of deposition time. This, despite the fact that Equinox had not even been able to conclude the liability portion of plaintiff's deposition. By e-mail correspondence and telephone communications, Equinox requested that plaintiff agree to an additional 4–5 hours to complete the deposition and further represented that the continued deposition could be conducted remotely.[2] Plaintiff refused to agree to any extension of the deposition resulting in this application.

It is well-settled that a deposition must be extended "if additional time is required to fairly examine the witness." *Amley v. Sumitomo Mitsui Banking Corporation*, 2021 WL 22060, * 1 (S.D.N.Y. January 4, 2021), *citing* Fed. R. Civ. P. 30(d)(1) ("[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent"). In fact, the Second Circuit courts routinely permit additional time for "key depositions" in employment-related claims, including specifically depositions of plaintiffs. *See e.g. Amley v. Sumitomo Mitsui Banking Corporation*, 2020 WL 5658666, at * 1 (granting defendant an additional 7 hours to depose plaintiff asserting claims under the FMLA, NYSHRL, and NYCHRL for a total of 14 hours), *citing Lapointe v. Target Corp.*, 2017 WL 1397317, * 7–8 (N.D.N.Y. March 6, 2017) (granting defendant an additional 3 hours to depose plaintiff asserting claims under the FLSA and NYLL for a total of 10 hours); *Saeed v. County of Nassau*, 2011 WL 6945755, * 2 (E.D.N.Y. May 23, 2011) (granting defendants an additional 4 hours to depose plaintiff asserting claims under Title VII, the NYSHRL, and NYCHRL for a total of 12.5 hours).

Here, Equinox has deposed plaintiff for 5.5 hours thus far and is only seeking an additional 4 hours over the "baseline" 7-hour limit set forth in Rule 30(d)(1) for a total of 11 hours of deposition time. Equinox's request is eminently reasonable given the particular facts and circumstances of this case from a liability and damages standpoint and the host of documents and e-mails that still need to be introduced and discussed. *See Amley v. Sumitomo Mitsui Banking Corporation*, 2021 WL 22060, at * 1; *Lapointe v. Target Corp.*, 2017 WL 1397317, at * 7–8; *Saeed v. County of Nassau*, 2011 WL 6945755, at * 2.

As such, it is respectfully requested that the Court issue an order granting Equinox an additional 4 hours to depose plaintiff over and above the 7-hour limit set forth in Rule 30(d)(1).

Respectfully submitted,

/s/ *Jared E. Blumetti*

Jared E. Blumetti

cc:   All counsel of record (*via ECF*)

---

[2] We believe that plaintiff and her counsel's COVID concerns are overstated, especially considering that they appeared in person at our office on August 9th with only four people present, all of whom stated that they had received a COVID vaccine. Regardless, we agree to accommodate their request that the deposition continue remotely.

L:\18105.162\Correspondence\Judge Cronan Ltr. 8.11.21 - Final.docx