

**LaRocca Hornik Rosen & Greenberg LLP**
COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732.409.1144
732.409.0350 FAX

PRIVATE LENDER GROUP
212.536.3529
732.625.2463 FAX

FRANK J. LAROCCA ⸷ₒ
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG ₐ
AMY D. CARLIN ₐ
PATRICK MCPARTLAND ₐ
DAVID N. KITTREDGE ₐ
JARED E. BLUMETTI
FAISAL R. LATEEF ₐ
SANFORD HAUSLER ₐ
BRYAN A. CHRISTENSON
JASON W. MOUSSOURAKIS ₐ
STAN SHAROVSKIY ₐ
PETER KELEGIAN ₐ
DREW TANNER ǂ
LAUREN WEISSMAN-FALK
ANDREW SELEVAN
NELSON DIAZ
DOROTHY BROWN DUNCAN

ₐ New York Bar Only
ǂ New Jersey Bar Only
◊ Of Counsel Attorneys
○ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

December 1, 2021

**VIA ECF & E-MAIL**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re: Michelle Adams v. Equinox Holdings, Inc. et al.
Docket No. 1:19-cv-08461 (JPC)

Dear Judge Cronan:

We represent defendants Equinox Holdings, Inc., Joseph Matarazzo, Matthew Herbert, and Wil Diaz (collectively, "Equinox") in the above-captioned action and are writing, pursuant to Local Civil Rule 37.3 and Sections 3(B) and 5(C) of Your Honor's Individual Rules, to (i) compel plaintiff to fully respond to Equinox's outstanding discovery demands, dated October 27, 2021 (the "Demands"), and (ii) extend the parties' fact discovery deadline from December 7, 2021 to February 7, 2022 and the expert discovery deadline from January 18, 2022 to March 21, 2022.

### Plaintiff's Repeated Failure to Timely Proceed with Discovery

Over the course of this lawsuit, plaintiff has consistently failed to timely provide Equinox with discovery. This has resulted in numerous delays and extensions of the fact discovery deadline, all of which have been attributable to plaintiff.[1] Her conduct has included, but not been limited to, her failure to disclose—and provide authorizations for—treating mental health care providers; her failure to timely provide loss of earnings documentation and information; her failure to properly identify material witnesses; and otherwise failing to cooperate in the discovery process.

---

[1] Rather than burden this Court with an exhaustive history of these requests, we respectfully refer to ECF Doc. Nos. 39, 44, 47, 49, 52, 54, 56, 66. While Equinox respects that certain of these delays were due to the personal circumstances of plaintiff and/or her counsel (and indeed consented to all of their requests as a courtesy), many of these delays were due to plaintiff's simple failure to meet her discovery obligations. *Id.*

By way of example, plaintiff's deposition—which was initially scheduled for June 10, 2021—was postponed on three separate occasions because plaintiff (i) belatedly disclosed that she has been treating with mental health care providers for alleged injuries relating to this action (*see* ECF Doc. No. 54), (ii) belatedly provided our office with certain authorizations to obtain only some of her mental health care records (*see* ECF Doc. Nos. 54, 56), and (iii) baselessly refused to make herself available to be deposed for any longer than the baseline 7-hour time period provided under Rule 30(d)(1) of the Federal Rules of Civil Procedure, which resulted in wholly avoidable motion practice (*see* ECF Doc. Nos. 59, 62).[2]

In fact, on the eve of plaintiff's continued deposition on September 15th, her counsel provided our office with certain mental health care records for a provider she had not previously identified (or provided an authorization for). Then, during her continued deposition, she identified even more mental health care providers that she had not previously identified (or provided an authorization for). She also identified numerous non-party witnesses but could not recall the addresses for any of these individuals, thus impeding our ability to promptly subpoena them. She also for the first time identified "Fit Body Group, LLC," the entity through which plaintiff purportedly operates her personal training business (even though Equinox requested this information more than a year ago in its initial interrogatories). Fit Body Group, LLC has not yet responded to Equinox's document subpoena (which was noticed for November 30th).

Now, on the cusp of yet another discovery deadline, plaintiff's delays have once again prevented Equinox from obtaining the discovery to which it is entitled.

### Equinox's Motion to Compel

Promptly upon receipt of plaintiff's deposition transcripts, Equinox served the Demands on plaintiff's counsel via e-mail on October 27th (i.e., the same method of service that the parties have been using since the start of the pandemic). *Enclosed is a copy of the Demands.* The Demands sought numerous items of critical discovery, including, authorizations for ***all*** of plaintiff's mental health care providers; contact information for the non-party witnesses identified by plaintiff during her deposition; and discovery pertaining to plaintiff's post-termination income and mitigation efforts.

Plaintiff failed to timely respond to the Demands on or before November 26th.[3] During the undersigned's meet and confer with plaintiff's counsel on November 29th, counsel failed to confirm that our office would receive fulsome responses to the Demands, much less confirm that we would receive any responses prior to the expiration of the current fact discovery deadline. As such, Equinox has again been forced to seek judicial intervention.

---

[2] All the while, Equinox provided plaintiff with accommodation after accommodation, including agreeing to commence (and then continue) her deposition even though it had not yet received authorizations for all of her mental health care providers and agreeing to continue her deposition virtually due to her COVID-related concerns.

[3] Because plaintiff failed to timely respond to the Demands, she waived her right to object to same. *See e.g. Fidelity & Deposit Co. of MD v. Mignone*, 2007 WL 2816185, * 1 (E.D.N.Y. September 27, 2007) (it is "well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver").

2

In light of the foregoing, Equinox respectfully requests that plaintiff be compelled to fully respond to the Demands by a date certain.

### Equinox's Request to Extend the Fact and Expert Discovery Deadlines

For related reasons, the fact and expert discovery deadlines must be extended to provide Equinox with sufficient time to obtain the outstanding discovery sought in the Demands; to conduct non-party depositions of the witnesses that plaintiff just provided the contact information for;[4] to receive a response to the document subpoena that it served on "Fit Body Group, LLC;" and to seek any additional discovery required following receipt of plaintiff's responses to the Demands and the depositions of the non-party witnesses.

Accordingly, it is further respectfully requested that the fact discovery deadline be extended from December 7, 2021 to February 7, 2022 and the expert discovery deadline from January 18, 2022 to March 21, 2022.

Respectfully submitted,

/s/ *Jared E. Blumetti*

Jared E. Blumetti

cc:   Fred Lichtmacher, Esq. (*via ECF*)

Plaintiff shall file a response to Defendants' letter , *see* Dkt. 68, by December 6, 2021.

SO ORDERED.
Date: December 2, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[4] On November 21st, plaintiff's counsel finally provided the addresses for three of the non-party witnesses that plaintiff identified at her deposition. Equinox served deposition subpoenas on these witnesses the following day.