The Law Office of Fred Lichtmacher PC
Fred Lichtmacher
116 West 23rd Street Suite 500
New York, New York 10011
**During the Pandemic 646 318 3806**
(212) 922-9066
empirestatt@aol.com

February 13, 2022

Honorable Judge John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Adams v. Equinox Holdings, Inc. et al</u>, 19-cv-08461-JPC

Your Honor:

     I represent the plaintiff in the above entitled matter. I write regarding a discovery dispute. A meet and confer was conducted on Friday February 11, 2022 but we were unable to resolve the dispute.

     Briefly, plaintiff is a physical trainer who was fired from Equinox which she contends was due to her age. She also contends that before her termination, she was treated differently and worse by Equinox in a variety of ways, including but not limited to by being given less clients to train, and and in only receiving "cold leads" for new clients when she did receive leads.

     The dispute is fairly narrow and involves two interrogatories served by the plaintiff on January 6, 2022 which were responded to on what was at that time, the last day of fact discovery. The interrogatories and responses are included below.

**INTERROGATORY NO. 17:**
Provide the names and years of birth of all trainers who were given Plaintiff's clients when she was terminated from Equinox.
**RESPONSE:**
In addition to the General Objections, Equinox objects to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3. Equinox further objects to the interrogatory on the grounds that it is defective in form because, among other things, it assumes facts not in evidence. Equinox further objects to the interrogatory on the grounds that it impermissibly seeks a compilation, audit, or summary of information.

     As an initial matter plaintiff did not have many clients when she was terminated. Objecting because plaintiff assumes facts not in evidence is misplaced. As Ms. Adams was training Equinox clients when terminated this question is relevant and none of the objections raised are valid. An employer's decision to replace an older employee with a significantly younger employee is an

indicator of age discrimination. See; O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996).

Interrogatory 17 is a contention interrogatory specifically permitted pursuant to Rule 33.3 at the close of discovery. Paragraph 81, of plaintiff's amended complaint states the following. "Once the Plaintiff was fired her clients were assigned to personal trainers substantially younger than her." (Dkt. No. "19" ¶81). Judge Engelmayer has addressed this issue recently in Pratt v Atalian:

> [C]ontention interrogatories help the parties focus their arguments after discovery is complete and trial is near[.]);Erchonia Corp. v. Bissoon, No. 07 Civ. 8696 (DLC), 2011 U.S. Dist. LEXIS 95939, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26,2011). In this District, contention interrogatories . . . are 'designed to assist parties in narrowing and clarifying the disputed issues' in advance of summary judgment practice or trial, aff'd, Erchonia Corp. v. Bissoon, 458 Fed. Appx. 58 (2d Cir. 2012). Pratt v. Atalian Global Servs., 2021 U.S. Dist. LEXIS 64884 *4. (Internal quotations omitted).

Defendants' response to Interrogatory 18 is inadequate.

**INTERROGATORY NO. 18:**
Provide the name and contact information for the advertising agencies which participated in the production of Equinox Advertisements 1-15.
**RESPONSE:**
In addition to the General Objections, Equinox objects to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3. Equinox further objects to the interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.

Plaintiff has provided fifteen advertisements for Equinox we found published online. From the appearance of the ads, none of the trainers depicted look to the naked eye to be much older than 30 years of age. It appears that Equinox cultivated an image of a place for young people, an image that would not be supported by employing a very mature trainer. While plaintiff had no problem finding the ads, plaintiff has not been successful in determining which agencies produced the ads.

Defendants' invocation of Local Rule 33.3 as an objection to providing the relevant information requested is wrong in its interpretation of the Rule and is not supported by the recent case law.

Interrogatory 18 employs "the most practical method of obtaining the information sought and so [it] is permissible under Local Rule 33.3." Pratt, at *6. Additionally in Pratt, the Court found that "it would be more practical for Pratt to provide the lists requested via interrogatory response rather than have to commit them to memory and provide such a list through deposition testimony." Pratt, * 5;  Roelcke v. Zip Aviation, LLC, No. 15 Civ. 6284 (JGK) (JLC), 2020 U.S. Dist. LEXIS 177468, 2020 WL 5752228, at *2 (S.D.N.Y. Sept. 25,2020); see In re Weatherford Int'l Sec. Litig., No. 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 154446, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013).

The same reasoning is valid here. Plaintiff respectfully suggests she is entitled to

substantive responses to these two interrogatories, which are relevant to her federal law and local law claims moving forward.

                                                        Respectfully submitted

                                                        / s /

                                                       Fred Lichtmacher

cc:    Jared Evan Blumetti
         LaRocca Hornik Rosen & Greenberg LLP

Defendants shall file a response to this letter, *see* Dkt. 78, by February 17, 2022.

SO ORDERED.

Dated: February 14, 2022
                                          _____
      New York, New York             JOHN P. CRONAN
                                     United States District Judge